AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Western District of Texas

**FILED**
February 10, 2026
CLERK, U.S. DISTRICT COURT
WESTERN DISTRICT OF TEXAS
BY: _____PC_____
DEPUTY

| United States of America | ) | |
|---|---|---|
| v. | ) | |
| Ruben David RAMIREZ | ) | Case No. **EP:26-M-00764-ATB** |
| | ) | |
| *Defendant(s)* | ) | |

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of  January 16, 2026  in the county of  El Paso  in the Western District of Texas, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922 (g)(1) | Possession of a firearm by a prohibited person, felon. |

This criminal complaint is based on these facts:

See Attachment

☑ Continued on the attached sheet.

Complaint sworn to telephonically on February 10, 2026 at 10:18 AM and signed electronically. **FED.R.CRIM.P. 4.1(b)(2)(A)**

*Complainant's signature*
Luis Rubio-Gonzalez -  ATF Special Agent
*Printed name and title*

Date: 02/10/2026

*Judge's signature*
Anne Berton, United States Magistrate Judge
*Printed name and title*

City and state:  El Paso, Texas

## AFFIDAVIT

1.      On February 6, 2026, your affiant reviewed information from the El Paso Police Department (EPPD) Gang Unit pertaining to the arrest of Angelo SALAZAR and RAMIREZ. The following is a summary obtained from EPPD.

2.      On January 16, 2026, the EPPD Gang Unit and the Lonestar Fugitive Task Force located Angelo SALAZAR, who had an outstanding Texas State Felony warrant for aggravated assault with a deadly weapon (Warrant# 20250D01662). SALAZAR was arrested in the 1400 block of Lee Trevino Dr., El Paso, Western District of Texas. In addition to the arrest warrant, EPPD was investigating SALAZAR as the suspect in a second shooting (Felony deadly conduct, discharge of a firearm) that occurred on December 28, 2025, at a nightclub in the 9600 block of Sims, El Paso, Texas.

3.      EPPD Gang Unit and the Lonestar Fugitive Task Force located SALAZAR sitting in the passenger seat of a silver Cadillac sedan at the parking lot of the 1400 block of Lee Trevino Dr. SALAZAR was accompanied by Ruben RAMIREZ, who was occupying the driver's seat of the Cadillac sedan. EPPD Gang Investigators observed both parties entering the vehicle and attempting to leave, at which time EPPD Gang Investigators boxed them in to prevent RAMIREZ and SALAZAR from fleeing. EPPD Gang Investigators detained both SALAZAR and RAMIREZ. EPPD Gang Investigators approached the Cadillac sedan to render the scene safe and observed a firearm on the driver's side floorboard and a second firearm on the front passenger side floorboard in plain view. EPPD Gang Investigators also smelled a strong odor of marijuana emanating from the silver Cadillac and observed large plastic bags containing a green leafy substance in plain view in the backseat from where RAMIREZ was sitting. Investigators searched the vehicle, retrieved the bags of suspected marijuana, and found a fanny pack in the driver's seat where RAMIREZ was sitting. Inside the bag, EPPD Gang Investigators found a white, powdery substance wrapped in plastic and a THC vape.

4.      EPPD Gang Investigators seized both firearms, a Masterpiece Arms pistol, model MAC9, caliber 9mm, serial number FX42949, and a Glock 19 pistol, model 19, caliber 9mm, serial number EPD228, that were in plain view. In addition to the narcotics that were in plain view. EPPD Gang Investigators did not complete a full search of the vehicle, including the trunk or engine compartment. The Cadillac sedan was towed from the scene pending a search warrant.

5.      Both SALAZAR and RAMIREZ were transported to the Texas Anti-Gang (TAG) office for interviews. EPPD Gang Investigators read RAMIREZ his Constitutional Rights per Miranda and agreed to provide a statement. During the interview with RAMIREZ, admitted and took full ownership of the narcotics that were located inside the Cadillac sedan.

6.      RAMIREZ admitted to EPPD Gang Investigators that he knew he was a convicted felon and was not supposed to be around or be in possession of firearms. Furthermore, RAMIREZ admitted to holding the MAC9 pistol and placing it under his feet.

7.      EPPD Gang Investigator/ATF Taskforce Officer (TFO) asked about the suppressor on the MAC9 pistol. Immediately, RAMIREZ corrected ATF TFO, stating that it was not a suppressor and that the gun

would still be loud if fired, demonstrating technical knowledge and prior experience with the firearm at his feet.

8.      ATF TFO informed RAMIREZ that the firearms were going to be test-fired and asked RAMIREZ if there were going to be any prior shootings tied to the firearms. RAMIREZ responded, "No," and said that he was "sure."

9.      ATF TFO asked RAMIREZ if the MAC9 pistol was an automatic firearm, a "chopper," or if it "sprayed 30," all slang terms for machine guns. RAMIREZ denied the MAC9 pistol being an automatic firearm and only shot one, meaning a semi-automatic. Again, RAMIREZ demonstrated his familiarity with the MAC9 pistol.

10.     ATF TFO informed RAMIREZ that they were going to execute a search warrant on the vehicle and asked RAMIREZ whether they would find anything else in the trunk. RAMIREZ stated his hammer and work boots for cement were in the trunk.

11.     EPPD Investigators concluded the interview and charged RAMIREZ with possession of a controlled substance and possession of marijuana.

12.     EPPD Investigators also read SALAZAR his Constitutional Rights per Miranda, and he agreed to provide a statement. SALAZAR denied ownership of the Glock pistol found on the floorboard where SALAZAR was sitting. SALAZAR stated the firearms belonged to RAMIREZ and that RAMIREZ asked him if he wanted to hold the firearm. SALAZAR agreed, held it, and then placed it on the floorboard by his feet. SALAZAR also admitted he was under indictment for a felony.

14.     EPPD Gang Investigators concluded the interview and arrested SALAZAR for his outstanding felony warrant.

16.     On January 21, 2026, EPPD Gang Unit Investigators executed a search warrant on the Cadillac sedan. Inside the trunk, EPPD Gang Investigators located a third firearm, a Glock pistol, model 45, caliber 9mm, serial number BYCN690, with an empty magazine inserted in the pistol. A second magazine loaded with six rounds of 9mm was found inside RAMIREZ's work boots, which were stained with concrete, just as RAMIREZ had previously informed EPPD Investigators.

17.     EPPD Gang Investigators informed that RAMIREZ was a confirmed Gangster Disciples gang member. ATF SAs reviewed RAMIREZ's criminal history, which included five felony convictions. The following are RAMIREZ's convictions.

>   I.     Texas 210th District Court Case No. 20210D01319. On August 3, 2021, RAMIREZ pleaded guilty to attempt to commit prohibited substance/item in a correctional facility, a felony. RAMIREZ was sentenced to 330 days' confinement.
>
>   II.    Texas 210th District Court Case No. 20210D02865. On May 31, 2022, RAMIREZ pleaded guilty to unlawful possession of a firearm by a felon, a 3rd degree felony. RAMIREZ was sentenced to 2 years' confinement.

III.    Texas 210th District Court Case No. 20210D02866. On May 31, 2022, RAMIREZ pleaded guilty to theft of property >=30K<150K, a 3rd degree felony. RAMIREZ was sentenced to 2 years' confinement, to run concurrent to 20210D02865.

IV.    The Texas Criminal District Court 1 Case No. 20240D01409. On February 7, 2025, RAMIREZ pleaded guilty to possession of a controlled substance, a felony. RAMIREZ was sentenced to 12 months of confinement.

V.    The Texas Criminal District Court 1 Case No. 20240D01415. On February 7, 2025, RAMIREZ pleaded guilty to the manufacture and/or delivery of a controlled substance, a felony. RAMIREZ was sentenced to 12 months of confinement, to run concurrent to 20210D01409.

Based on the aforementioned facts and circumstances, your affiant believes probable cause exists that Ruben David RAMIREZ possessed firearms while being a convicted felon in violation of Title 18 U.S.C. § 922(g)(1).

FURTHER THE YOUR AFFIANT SAYETH NOT.

Respectfully submitted,

*Luis Rubio-Gonzalez*

Luis Rubio Gonzalez
Special Agent
Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF)

Subscribed and sworn to before me
This 10th day of February 2026.

_____
ANNE BERTON
UNITED STATES MAGISTRATE JUDGE